IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER, | |
| Plaintiff, | 8:23CV449 |
| vs. | |
| KEN SCHENIDER,  LORRIE, and LANDON THORNTON, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on an e-mail sent by Plaintiff Susanne Becker to the Clerk of the Court, which the Court has directed the Clerk to file as a motion in this case. Filing No. 4. When Plaintiff filed the present case on October 16, 2023, the Clerk of the Court sent a Notice, Filing No. 2, to Plaintiff acknowledging receipt of her Complaint, and such Notice appears to have been inadvertently sent to Plaintiff at the e-mail address Plaintiff previously had on file with PACER before Plaintiff updated her address in July 2023. Plaintiff, using vulgar and abusive language, asks why the Court is still using her old e-mail address, and also appears to ask why she is not able to electronically file in this Court.

To the extent Plaintiff's motion seeks clarification regarding the e-mailed Notice in this case, the motion is granted as follows: Plaintiff is advised that the Court had not acted on her e-mail address change submitted via PACER because *she does not **yet** have e-filing access in any of her cases in this Court.* Plaintiff does not have e-filing access in her cases because she has not complied with the Court's directions to obtain such access. However, the Court will direct the Clerk of the Court to update Plaintiff's

e-mail address to the one currently on file with PACER so that Plaintiff may request e-filing access under that e-mail address.

However, to the extent Plaintiff's motion seeks immediate e-filing in this, or any of her other cases, Plaintiff's motion is denied without prejudice because Plaintiff has not complied with the Court's previous order reinstating her electronic filing access in this Court. See Filing No. 10, Case No. 8:23CV208. As the Court has repeatedly explained to Plaintiff, "**all Plaintiff has to do if she wants to file documents electronically in her cases is e-mail the Clerk's office with a list of the case numbers for which she wants electronic filing access. Once Plaintiff does that, the Clerk of the Court will grant her electronic filing access for each of the cases identified**." Filing No. 12 at 6, Case No. 8:23CV208. *See also* Filing Nos. 13 & 15, Case No. 8:23CV208. Plaintiff must specifically request e-filing access in each of her cases by e-mailing the Clerk of the Court as the Court has instructed her to do. If Plaintiff continues to disregard the Court's instruction and send vulgar and abusive e-mails to the Clerk of the Court that do not comply with the Court's previous orders, the Court will again terminate her electronic filing access privileges.

IT IS THEREFORE ORDERED that:

1. Plaintiff's e-mail, construed as a motion, is granted in part and denied in part as follows:

    a. To the extent Plaintiff's motion seeks clarification, the motion is granted consistent with this Memorandum and Order, and Plaintiff is advised that she does not have e-filing access in this case or her

2

        other cases because she has not complied with the Court's directions to obtain such access.

    b.    To the extent Plaintiff seeks immediate e-filing access in this or any other case, the motion is denied, but Plaintiff may obtain such access by e-mailing the Clerk of the Court and specifically identifying the cases for which she would like e-filing access in accordance with the Court's previous orders.

2.    The Clerk of the Court is directed to update Plaintiff's e-mail address to the one currently on file with PACER so that Plaintiff may request e-filing access under that e-mail address.

3.    Plaintiff is warned that if she continues to send inappropriate e-mails to the Clerk of the Court that do not comply with the Court's previous orders, the Court will terminate her electronic filing access privileges.

Dated this 20th day of October, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge