IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER,<br><br>    Plaintiff,<br><br>vs.<br><br>KEN SCHENIDER, LORRIE, and LANDON THORNTON,<br><br>    Defendants. | 8:23CV449<br><br>MEMORANDUM AND ORDER |

  Plaintiff Susanne Becker (a.k.a. Susann Becker, a.k.a. Susann Becker Hurd, a.k.a. Susanne Becker Hurd) has filed a Motion for Leave to Proceed in Forma Pauperis, Filing No. 7. Also before the Court are Plaintiff's Motion to Appoint Counsel and "Waive Fees," Filing No. 8, and Motion captioned as a "Request for Transfer Admissions," Filing No. 9. Upon review of Plaintiff's IFP Motion, the Court finds that Plaintiff, a nonprisoner, is financially eligible to proceed in forma pauperis. The Court now conducts an initial review of Plaintiff's in forma pauperis complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

  Plaintiff brings this action under 42 U.S.C. § 1983 against an individual named Lorrie, who Plaintiff alleges to be a postal worker in Scottsbluff, Nebraska; Ken Schneider, who Plaintiff labels as the "officer in charger" who also works with the United States Postal Service in Scottsbluff, Nebraska; and Landon L. Thornton, whom Plaintiff identifies as the postmaster of Amarillo, Texas. Filing No. 1 at 2, 3. Plaintiff claims that Defendants mishandled mail addressed to a federal judge in Texas. Filing No. 1 at 4. As a result, Plaintiff alleges she lost a multi-billion-dollar claim. Filing No. 1 at 5.

Plaintiff seeks restitution including liens on the Defendants' property and payment from Defendants' paychecks. Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The Court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); see also Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

The Complaint—even construed liberally—does not comply with the general rules of pleading. In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. See Iqbal, 556 U.S. at 678. Further, even though pro se complaints are construed liberally, they still must allege sufficient facts to support the claims asserted. See Stone, 364 F.3d at 914. Plaintiff's allegations are predominantly legal conclusions about Defendant's alleged

3

mishandling of some piece of mail, presumably leading to dismissal of a federal lawsuit in Texas. However, the Complaint provides few facts to support these allegations. Plaintiff's conclusory allegations fall far short of giving notice of the grounds for her claim. Accordingly, Plaintiff's allegations are not entitled to an assumption of truth and the Complaint is subject to dismissal.

### IV. MOTION TO APPOINT COUNSEL AND WAIVE FEES

Liberally construed, Plaintiff requests the appointment of counsel, specifically the appointment of the United States Attorney to represent her pursuant to 25 U.S.C. § 175 because she claims she is Choctaw Cherokee Indian. Filing No. 8. However, § 175 does not require the appointment of counsel any time a member of a federally recognized Indian tribe requests it in any civil suit. The statute provides: "In all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." 25 U.S.C. § 175. As several courts have recognized, § 175 "is not mandatory and . . . its purpose is no more than to ensure Native Americans adequate representation in suits to which they might be parties." *Scott v. Hormel*, 854 F. App'x 958, 960 (10th Cir. 2021) (quoting *Navajo Nation v. San Juan Cnty.*, 929 F.3d 1270, 1278 (10th Cir. 2019) (internal alterations and quotation marks omitted)); *see also Robinson v. New Jersey Mercer Cnty. Vicinage-Fam. Div.*, 514 F. App'x 146, 151 (3d Cir. 2013) ("the unanimous weight of authority suggests that the duty of representation contained [in § 175] is discretionary, not mandatory"); *Siniscal v. United States*, 208 F.2d 406, 410 (9th Cir. 1953) (same).

There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may

request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, Chambers v. Pennycook, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." Recca v. Omaha Police Dep't, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)); Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006). Having carefully considered the record, the Court will not appoint counsel at this time.

Plaintiff's Motion also requests a waiver of fees. Plaintiff's request is difficult to discern. She references 28 U.S.C. § 2412(d)(1)(A) and asserts that Defendants will have to pay if found liable for their acts against Plaintiff, an Indian. Plaintiff asserts that, as a Choctaw Cherokee Indian, she has the right to be appointed as an "assistant deputy commissioner" and need not pay filing fees. Plaintiff's request has no basis in law and is therefore denied.

### V. "REQUEST TO TRANSFER ADMISSIONS"

Plaintiff's Motion, captioned as a "Request to Transfer Admissions," is largely indiscernible. Plaintiff submitted the Motion in numerous pending cases before the Court, but fails to specify how it is relevant to the present case. Although the Motion asserts Plaintiff is entitled to "reinstatement," it does not identify the nature of the reinstatement or provide a legal basis for seeking relief. Even construed liberally, the Motion lacks a coherent statement of the relief sought and is therefore denied.

## VII. IFP FILING PRIVILEGES

Although the Court grants Plaintiff's request to proceed IFP, the Court also finds that Plaintiff has abused this privilege by filing an inordinate number of pro se, in forma pauperis cases, none of which has passed initial review under 28 U.S.C. § 1915(e)(2) so as to be able to proceed to service of process. In several of these cases, Plaintiff has also cluttered the court file with extraneous supplemental pleadings, motions, correspondence, and other materials. Plaintiff's recently filed pro se, in forma pauperis cases include:

- 8:23-cv-00208, *Becker v. Hurd*, filed 5/22/2023, dismissed 12/12/2023, for failure to state a claim.

- 8:23-cv-00270, *Becker v. Randall County Court*, filed 6/20/2023, dismissed 12/12/2023, for lack of jurisdiction.

- 8:23-cv-00275, *Becker v. First National Bank of Omaha et al*, filed 6/23/2023, dismissed 12/12/2023, for failure to state a claim.

- 8:23-cv-00278, *Becker Hurd v. Stoddard et al*, filed 6/26/2023. On 12/12/2023, the Court determined complaint failed to state a claim, but Plaintiff given leave to amend. As of the date of this Order, no amended complaint filed.

- 8:23-cv-00279, *Becker v. Regean*, filed 6/26/2023. On 12/12/2023, the Court determined complaint failed to state a claim, but Plaintiff given leave to amend. As of the date of this Order, no amended complaint filed.

- 8:23-cv-00284, *Becker Hurd v. Bayless et al*, filed 6/29/2023, dismissed 12/12/2023, for failure to state a claim.

- 8:23-cv-00285, *Becker Hurd v. Long et al*, filed 6/29/2023, dismissed 12/12/2023, for failure to state a claim.

- 8:23-cv-00288, *Becker Hurd v. State of Nebraska et al*, filed 7/5/2023, dismissed 12/12/2023, for failure to state a claim.

- 8:23-cv-00293, *Becker v. Scottsbluff County Sheriff*, filed 7/10/2023. On 12/12/2023, the Court determined complaint failed to state a claim, but Plaintiff given leave to amend. As of the date of this Order, no amended complaint filed.

- 8:23-cv-00294, *Becker v. Scotts Bluff County et al*, filed 7/10/2023, dismissed 12/12/2023, for failure to state a claim.

- 8:23-cv-00295, *Hurd v. Elliot Long*, filed 7/10/2023, dismissed 12/12/2023, for failure to state a claim.

- 8:23-cv-00302, *Becker Hurd v. County of Scottsbluff et al*, filed 7/13/2023, dismissed 12/12/2023, for failure to state a claim.

- 8:23-cv-00316, *Becker v. Scotts Bluff Sheriff Office et al*, filed 7/25/2023. On 12/12/2023, the Court determined complaint failed to state a claim, but Plaintiff given leave to amend. As of the date of this Order, no amended complaint filed.

Plaintiff has a right to access the courts. However, her right of access cannot be unlimited in the face of abuse. As set forth by the Eighth Circuit Court of Appeals:

> The Court has authority to control and manage matters pending before it. The need for such control bears noting. First, Rule 1 of the Federal Rules of Civil Procedure provides that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action. Three fundamental goals underlie this mandate; maintaining the quality of justice, avoiding delay, and improving the efficiency of dispute resolution. In order to secure these values, we must recognize that judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of

7

> judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.
>
> The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources. As caseloads increase, courts have less time to devote to each case. A lack of adequate time for reflection threatens the quality of justice.... Abusive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims.
>
> Defendants have a right to be free from harassing, abusive, and meritless litigation. Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior. The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits.

*In re Tyler*, 839 F.2d 1290, 1292-93 (8th Cir. 1988) (quoting *People of the State of Colorado v. Carter*, 678 F. Supp. 1484, 1486 (D.Colo. 1986)) (internal citations omitted); *see also Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) ("An in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts.").

The Court finds imposing filing restrictions on Plaintiff in this Court is warranted to protect the Court from "unnecessary burdens on, and the useless consumption of, court resources." Plaintiff is ordered to show cause within 21 days from the date of this order why this Court should not impose the following filing restrictions:

1. Plaintiff, while appearing pro se, will be limited to filing one case in forma pauperis in the federal district court for the District of Nebraska per month. This limitation will not prohibit Plaintiff from proceeding as a proponent in any civil claim in this district with the representation of an attorney, nor will it prohibit Plaintiff from

defending herself in any criminal or civil litigation brought against her in this district. This limitation will operate prospectively only.

2. Every new pro se complaint submitted to the Clerk of the Court by Plaintiff that is not accompanied by payment of the Court's filing and administrative fees shall be referred to the Supervising Pro Se Judge or his successor for review before filing, and the Clerk of the Court is directed not to file any such case until this review has been completed. The Supervising Pro Se Judge shall review any such tendered complaint to determine if it may be filed in compliance with the foregoing limitation, or if it should be returned to Plaintiff without filing. A record of any such submission and return shall be maintained by the clerk in the CM/ECF system under the "PS" designation or as otherwise directed by the Supervising Pro Se Judge.

## V. CONCLUSION

Plaintiff's Motion for Leave to Proceed In Forma Pauperis will be granted, and the Complaint shall be filed without payment of fees. However, Plaintiff's Complaint does not allege sufficient facts to state a plausible claim. Thus, no claim is stated upon which relief may be granted. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e). However, out of an abundance of caution, the Court on its own motion will give Plaintiff an opportunity to allege sufficient facts to state an actionable claim for relief. Additionally, the Court finds restrictions are warranted to prevent Plaintiff from abusing the privilege of filing cases in forma pauperis and Plaintiff must show cause why such restrictions should not be imposed.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 7, is granted.

2. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In the amended complaint, Plaintiff must comply with federal pleading requirements.

3. In the event Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

4. The Court reserves the right to conduct further review of Plaintiff's claims in the event she files an amended complaint.

5. Plaintiff's Motion to Appoint Counsel and Waive Fees, Filing No. 8, is denied.

6. Plaintiff's Motion captioned as a "Request for Transfer Admissions," Filing No. 9, is denied.

7. Plaintiff is ordered to show cause within 21 days from the date of this order why this Court should not impose the filing restrictions listed above.

8. The Clerk of the Court is directed to set the following pro se case management deadlines in this case using the following text:

    a. **April 30, 2021**—deadline to show cause regarding filing restrictions.

    b. **May 10, 2024**—amended complaint due.

Dated this 9th day of April, 2024.

                          BY THE COURT:

                          */s/ Joseph F. Bataillon*
                          Joseph F. Bataillon
                          Senior United States District Judge